Morris J. Sorenson
Attorney at Law
717 College Avenue, First Floor
Santa Rosa, CA 95404
Tel. (707) 544-1174
Fax  (707) 544-3652

Attorney for Plaintiff, Judith Barbieri

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

**RONALD JAMES BARBIERI,**

| | |
|---|---|
| DEBTOR | CASE NO. 09-12584-AJ7 CHAPTER 7 |
| | ADV. PROC. NO.: |

JUDITH BARBIERI,

Plaintiff

v.

RONALD JAMES BARBIERI

Defendant

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND FOR DAMAGES

Judge:
Place:
Time:
Date:

1.    NOW COMES JUDITH BARBIERI, plaintiff in the above-styled adversary proceeding, who respectfully files this Complaint to Determine Dischargeability of Debt pursuant to 11USC §523 and Objections to Discharge pursuant to 11 USC §727 and represents as follows:

2.    Defendant is the Debtor in this Chapter 7 case.

3.    Plaintiff is a creditor in this Chapter 7 case.

4.    The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), 11 §727 and 11 USC §523.

5.    Pursuant to 28 U.S.C. §157 (b)(1) and (2), this is a core proceeding.

i

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

6.      Defendant filed a petition under Chapter 7 of the Bankruptcy Code on August 14, 2009.

7.      Defendant scheduled plaintiff as a creditor in the bankruptcy proceedings because of potential liability arising out of a dissolution of marriage trial that was then pending in the Superior Court of California, County of Sonoma, Case Number SFL-943040.

<u>GENERAL ALLEGATIONS</u>

8.      Plaintiff and defendant were married on February 25, 1962 and separated in February 1992.  On May 13, 1994, plaintiff filed her Petition in the above referenced dissolution of marriage action.  On August 24, 1995, a default judgment was entered against plaintiff in said dissolution of marriage action.  The court reserved jurisdiction over the issues of property division, spousal support, attorney fees and costs of litigation.

9.      Plaintiff retained Morris J. Sorenson to address the reserved issues in plaintiff's dissolution of marriage action.  Defendant thereafter retained Daniel B. Beck to represent him in said matter.

10.     Defendant's deposition was taken on September 12, 2005 and September 19, 2005.  Plaintiff believed that the possibility existed that defendant had concealed a community property interest in real property acquired during the marriage and later identified as 21501 and 21502 Starrett Hill Drive, Monte Rio, California (hereinafter "Starrett Hill" property).

11.     At his deposition, defendant denied having any interest in the Starrett Hill property and that his business partner, Edward Ferguson and Edward Ferguson's wife had taken title to the Starrett Hill property.

12.     The deposition of Edward Ferguson was taken on April 3, 2006 and April 21, 2006.  Edward Ferguson testified that defendant and he were business partners which relationship, by implication, extended to the Starrett Hill property.

13.     The deposition of Robert Trombetta, an individual who provided a private party loan for the purchase of the Starrett Hill property, was taken on November 29, 2006.  At deposition Robert Trombetta confirmed that defendant had borrowed a total of no less than $17,800 from him utilizing defendant's interest in the Starrett Hill property as security therefore.

14.     On January 11, 2008, a Settlement Conference in the dissolution of marriage action

ii

Case: 09-01159    Doc# 1    Filed: 11/16/09    Entered: 11/16/09 13:54:52    Page 2 of 9

1  was had in the California Superior Court, County of Sonoma. It was then agreed that the matter would

2  be tried by Greg Jilka as an appointed temporary judge and the Stipulation and Order for Appointment

3  of Temporary Judge was filed.

4        15.    Trial before Judge Pro Tem Jilka was initially set to commence on March 10, 2008.

5  Trial was continued to April 8, 2008 at the request of counsel for defendant because of a conflict on his

6  trial calendar. Trial was eventually continued to commence on November 17, 2008

7        16.    Thereafter plaintiff's attorney determined that defendant had never filed his Response

8  regarding the reserved issues. As a result, defendant's default barred defendant from presenting

9  evidence at trial.

10        17.    To avoid the costs of defendant's motion to set aside the default, it was agreed that

11  plaintiff would file an amended petition detailing plaintiff's position regarding her allegations of

12  defendant's concealment and breaches of his fiduciary duties to her. By this action defendant could

13  respond without the necessity of the motion procedures.

14        18.    On November 6, 2008, defendant's attorney informed plaintiff's attorney that

15  defendant intended to file for bankruptcy.

16        19.    Defendant did not file for bankruptcy. However, in early November 2008 plaintiff's

17  attorney was hospitalized for three days for cardiac associated symptoms, diagnosis and treatment and

18  was unable to proceed with the November 17, 2008 trial.

19        20.    On March 26, 2009, defendant's counsel substituted out as the attorney of record for

20  defendant in the dissolution of marriage case.

21        21.    On June 30, 2009 plaintiff's Amended Petition (Family Law) and the Amended

22  Summons were served on defendant.

23        22.    Defendant served his response on July 21, 2009.

24        22.    On August 14, 2009, defendant filed for Chapter 7 relief in the United States

25  Bankruptcy Court, Northern District of California (Santa Rosa) and the California Superior Court

26  action was automatically stayed.

27  23.    The First Meeting of Creditors in defendant's Chapter 7 case was had on September 17, 2009.

28  The noticed date for filing this action is November 16, 2009.

iii

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11
USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE
PURSUANT TO 11 USC §727

FIRST CAUSE OF ACTION

Fraud and Deceit – Concealment of Monetary Consideration

24.     Plaintiff alleges that defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff that defendant had acquired a community property interest in the Starrett Hill property in a cash down payment and a promissory note or promissory notes generated from the sale of the Starrett Hill property to a third party. Said promissory note(s) had a value of no less than $17,800. Plaintiff is informed and believes and upon such information and belief alleges that the community share of the cash down payment was $11,500.

SECOND CAUSE OF ACTION

Breach of Fiduciary Duties

25.     Plaintiff further alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant had acquired a community property interest in the Starrett Hill property in a cash down payment and a promissory note or promissory notes generated from the sale of the Starrett Hill property to a third party. Said promissory note(s) had a value of no less than $17,800. Plaintiff is informed and believes and upon such information and belief alleges that the community share of the cash down payment was $11,500.

THIRD CAUSE OF ACTION

Breach of Fiduciary Duties - Sanctions

26.     Plaintiff further alleges that defendant did, in violation of defendant's California statutory duties of disclosure to plaintiff, conceal from plaintiff that defendant had acquired a community property interest in the Starrett Hill property in a cash down payment and a promissory note or promissory notes generated from the sale of the Starrett Hill property to a third party. Said promissory note(s) had a value of no less than $17,800. Plaintiff is informed and believes and upon such information and belief alleges that the community share of the cash down payment was $11,500.

FOURTH CAUSE OF ACTION

Fraud and Deceit – Concealment of Transfer of Interests

27.     Plaintiff is further informed and believes and upon said information and belief alleges that defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff

iv

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

that defendant transferred his interest in the Starrett Hill property to Edward Ferguson and the wife of Edward Ferguson in exchange for title to real property located at 3421 Sonoma Avenue, Santa Rosa, California (herein the "3421 Sonoma Avenue property"). Defendant has listed this Sonoma Avenue property in his "Schedule A – Real Property" schedule in this bankruptcy proceeding.

FIFTH CAUSE OF ACTION

Breach of Fiduciary Duties

28. Plaintiff is further informed and believes and upon said information and belief alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant transferred his interest in the Starrett Hill property to Edward Ferguson and the wife of Edward Ferguson in exchange for title to real property located at 3421 Sonoma Avenue, Santa Rosa, California (herein the "3421 Sonoma Avenue property"). Defendant has listed the 3421 Sonoma Avenue property in his "Schedule A – Real Property" schedule in this bankruptcy proceeding.

SIXTH CAUSE OF ACTION

Breach of Fiduciary Duties - Sanctions

29. Plaintiff is further informed and believes and upon said information and belief alleges that defendant did, in violation of defendant's California statutory duties of disclosure to plaintiff, conceal from plaintiff that defendant transferred his interest in the Starrett Hill property to Edward Ferguson and the wife of Edward Ferguson in exchange for title to real property located at 3421 Sonoma Avenue, Santa Rosa, California (herein the "3421 Sonoma Avenue property"). Defendant has listed the 3421 Sonoma Avenue property in his "Schedule A – Real Property" schedule in this bankruptcy proceeding.

SEVENTH CAUSE OF ACTION

Fraud and Deceit – Concealment of Transfer of Interests

30. Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff that defendant received no less than $175,538 from refinancing(s) of the 3421 Sonoma Avenue property and then utilized some part of those funds to acquire real property located at 1050 and 1054 Spencer Street, Santa Rosa, California (herein the "Spencer Street properties"). Defendant has listed the Spencer

v

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

Avenue properties in his "Schedule A – Real Property" schedule in this bankruptcy proceeding.

### EIGHTH CAUSE OF ACTION

#### Breach of Fiduciary Duties

31.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant received no less than $175,538  from refinancing(s) of the 3421 Sonoma Avenue property and then utilized some part of those funds to acquire the Spencer Street properties.

### NINTH CAUSE OF ACTION

#### Breach of Fiduciary Duties - Sanctions

32.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's California statutory duties of disclosure to plaintiff, conceal from plaintiff that defendant received no less than $175,538  from refinancing(s) of the 3421 Sonoma Avenue property and then utilized some part of those funds to acquire the Spencer Street properties.

### TENTH CAUSE OF ACTION

#### Fraud and Deceit – Concealment of Transfer of Interests

33.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff that defendant realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street properties ($294,000) to acquire real property located at 116 Brookwood Avenue, Santa Rosa, California (herein "the Brookwood Avenue property").

### ELEVENTH CAUSE OF ACTION

#### Breach of Fiduciary Duties

34.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street property ($294,000) to acquire the Brookwood Avenue property.

///                                                                                                          ///

vi

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

## TWELFTH CAUSE OF ACTION

### Breach of Fiduciary Duties - Sanctions

35.  Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's California statutory duties of disclosure to plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street property ($294,000) to acquire the Brookwood Avenue property.

## THIRTEENTH CAUSE OF ACTION

### Fraud and Deceit – Concealment of Transfer of Interests

36.  Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street property to acquire real property located at 915 Humboldt Street, Santa Rosa, California (herein "the Humboldt Street property").

## FOURTEENTH CAUSE OF ACTION

### Breach of Fiduciary Duties

37.  Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street properties to acquire the Humboldt Street property.

## FIFTEENTH CAUSE OF ACTION

### Breach of Fiduciary Duties - Sanctions

38.  Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's California statutory duties of disclosure to plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street properties to acquire the Humboldt Street property.

## SIXTEENTH CAUSE OF ACTION

### Fraud and Deceit – Concealment of Transfer of Interests

39.  Plaintiff is further informed and believes and upon such information and belief alleges that

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

defendant did, with the intent to defraud and deceive plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street properties to acquire further real property interests.

SEVENTEENTH CAUSE OF ACTION

Breach of Fiduciary Duties

40.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant did, in violation of defendant's fiduciary duties to plaintiff, conceal from plaintiff that defendant funds realized from the refinancing of the 3421 Sonoma Avenue property and/or the Spencer Street properties to acquire further real property interests.

EIGHTTEENTH CAUSE OF ACTION

Fraud and Deceit; Breach of Fiduciary Duties and Sanctions

41.     Plaintiff is further informed and believes and upon such information and belief alleges that defendant has refinanced or otherwise transferred property in which plaintiff has a community interest not yet discovered by plaintiff and plaintiff will request permission to amend this complaint on the discovery of any such transactions.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.     That the discharge of defendant be denied and that the debts to plaintiff be determined nondischargeable.

2.     For a determination that all damages suffered by plaintiff arising out of defendant's fraud and deceit are not dischargeable.

3.     For a determination that all damages suffered by plaintiff arising out of defendant's breach of his fiduciary duties to plaintiff and are not dischargeable.

4.     For a determination that all damages arising from defendant's violation of California statutory duties of disclosure to plaintiff are not dischargeable.

5.     For actual damages resulting from the wrongful acts of defendant herein complained of, including attorney fees.

6.     For monetary sanctions as permitted under California Law.

7.     For punitive damages.

viii

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 USC §727

8.    For attorney fees and costs of litigation.

Dated: November 16, 2009

Morris J. Sorenson
Attorney for Plaintiff

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11
USC §523 AND, ALTERNATIVELY, COMPLAINT OBJECTING TO DISCHARGE
PURSUANT TO 11 USC §727

Case: 09-01159    Doc# 1    Filed: 11/16/09    Entered: 11/16/09 13:54:52    Page 9 of 9